IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor, ) | Civil Action No.: 2:13-2001-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Brian Bradshaw, Genworth Life and ) | |
| Annuity Insurance Company, Xperion Lava ) | |
| Group, LLC d/b/a Lava Leads ) | |
| ) | |
| Defendants. ) | |
| ) | |

On June 7, 2013, the plaintiff, Jay Connor (the "plaintiff"), acting pro se, filed this action in the Charleston County Small Claims Court alleging claims pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA" or the "Act"), 47 U.S.C. § 227. (ECF No. 1-1 at 3). On July 19, 2013, the defendant Genworth Life and Annuity Insurance Company removed this action to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1). On September 24, 2013, the plaintiff filed an Amended Complaint, adding the defendant Xperion Lava Group, LLC d/b/a Lava Leads ("Xperion"). (ECF No. 26).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this case was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"). On September 26, 2013, the magistrate judge issued an order that provided:

> Plaintiff has not been authorized to proceed in forma pauperis in this case . . . , therefore, Plaintiff is responsible for service of process and pleadings upon the parties, pursuant to Rules 4 and 5 of the Federal Rules of Civil Procedure. . . . Xperion must be served with a summons and a copy of Plaintiff's Amended Complaint in order for this Court to obtain proper



Page 1 of 4

>       jurisdiction of Defendant Xperion in this case. . . . Thus, with respect to
>       Plaintiff's Amended Complaint and its service upon Defendant[] Xperion .
>       . . , this case is not in proper form, at this time.

(ECF No. 29 at 2). Thereafter, on October 22, 2013, the magistrate judge issued the following text order:

>       On September 26, 2013, the undersigned issued an order requiring
>       Plaintiff to submit a summons for Defendant Xperion . . . . Plaintiff has
>       complied with this Order. The Clerk of Court is directed to issue the
>       summons for Defendant Xperion . . . , and to forward the issued summons
>       to Plaintiff for service of process. Plaintiff is responsible for service of
>       process under Rule 4 of the Federal Rules of Civil Procedure. The Clerk
>       of Court shall calculate the 120-day period for service of process under
>       Rule 4(m) from the date on which the summons is issued. Defendant
>       Xperion . . . is directed to file an answer to the Amended Complaint or
>       otherwise plead. AND IT IS SO ORDERED.

(ECF No. 34) (internal citation omitted).

On October 22, 2013, the Clerk of Court issued a summons as to Xperion and forwarded it to the plaintiff for service of process. (ECF No. 35). Then, on March 21, 2014, the magistrate judge issued an order providing that more than 120 days had passed since the summons was issued and that the docket did not reflect that Xperion had been served. (ECF No. 39 at 2). The magistrate judge ordered the plaintiff to file proof of service upon Xperion no later than April 21, 2014, and, that if he failed to do so, the action against Xperion "may be dismissed without prejudice pursuant to Rule 4(m)" of the Federal Rules of Civil Procedure. (ECF No. 39 at 2). To date, the plaintiff has not proven service upon Xperion.

On April 28, 2014, the magistrate judge issued an R&R recommending that Xperion be dismissed without prejudice. (ECF No. 45 at 2). The magistrate judge specifically advised the parties of the procedures and requirements for filing objections to the R&R and the serious consequences if they failed to do so. The parties have filed no objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotation marks and citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusion of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 45) by reference in this Order. Thus, Xperion shall be dismissed from this case without prejudice.



**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 19, 2014
Charleston, South Carolina